Dear Ms. Torres:
On behalf of the St. Bernard Parish Clerk of Court's Office, you have requested an Attorney General's opinion regarding whether you should sign a Public Funds Depositor Collateral Security Agreement and a Third Party Custodian Agreement authorizing a change in the pledging of securities for fiduciary funds held for the registry of the court. In connection with you request, you have enclosed copies of correspondence received from Regions Bank as well as a copy of the proposed Public Funds Depositor Collateral Security Agreement and Third Party Custodian Agreement.
Your request must be addressed in light of the provisions relative to Local Depositories found in Louisiana Revised Statutes 39:1211, et. seq. Louisiana Revised Statute 39:1211
defines local depositing authorities as including all parishes, municipalities, boards, commissions, sheriffs and tax collectors, judges, clerks of court, and any other public bodies or offices of any parish, municipality or township.
Louisiana Revised Statute 39:1231 specifically provides:
 A. All funds deposited in the registry of any court or coming into the hands of the clerk of court in any judicial proceedings and not belonging to such officer, shall be deposited in the bank previously selected by the clerk of court as his fiscal agent subject to any rule or order of the court, except in the parish of Orleans, where such funds shall be subject to such rules and regulations as may be prescribed by the judges of the civil district court. The interest earned on all such deposits shall accrue to the party or parties finally decreed to be entitled to the ownership thereof.
 B. All funds which are deposited in the registry of any court shall be deposited in interest-bearing accounts in any bank or savings and loan association previously selected by the clerk of court as his fiscal agent; however, in no case shall funds deposited in the registry of the any court pursuant to an expropriation by declaration of taking or pursuant *Page 2 
to any acquisition of property prior to judgment as provided by law be required to be deposited in an interest-bearing account as provided herein until thirty days after receipt by the court. Except as provided in R.S. 13:475 (B) the interest earned on all such deposits shall accrue to the party or parties finally decreed to be entitled to the funds deposited.
With respect to security of deposits in the registry of any court, Louisiana Revised Statute 39:1222, provides:
 Local depositing authorities shall require as security for deposits:
 (1) Bonds or other interest-bearing securities of the United States, or any agency thereof, including but not limited to the Federal National Mortgage Association, or bonds or other interest-bearing obligations guaranteed fully or partially as to principal and interest by the United States, or by any agency thereof; or bonds of any possession of the United States; or unmatured bonds of this state, including both direct and indirect obligations and also, including bonds or other interest-bearing obligations, whether supported by revenue or by the avails of taxes, of the State of Louisiana or of any agency, board, commission, department or division thereof or of any agency, public corporation or authority created by or recognized by the State of Louisiana; or unmatured bonds of any parish, municipality, levee board, road district, school board or school district of this state; or bonds of any parish, municipality, industrial district or industrial board which are secured by a lease executed in accordance with the provisions of Article XIV, Section 14, Paragraphs b.2 or b.3 of the Constitution of the State of Louisiana for the year 1921 [FN1] or R.S. 39:1001 et seq. or R.S. 51:1151 et seq., as amended, and partially or fully guaranteed by the Louisiana Board of Commerce and Industry in accordance with the provisions of the Bond Lease Guarantee Act of the regular session of the Louisiana Legislature of 1968.
 (2) Certificates of indebtedness, including paving certificates, of any subdivision of this state referred to in Sub-section (1) of this Section.
 (3) Promissory notes either of the authority letting the deposits or of any other authority referred to in Sub-section (1) of this Section, which notes must be either unmatured or payable on demand.
 (4) Evidence of participation in such promissory notes issued by any bank, trust company, or recognized bank clearing house association domiciled in this state. *Page 3 
 (5) Notes representing loans to students which are guaranteed by the Louisiana Higher Education Assistance Commission in accordance with a contract agreement between the lender and the commission under the provisions of R.S. 17:3021 et seq.
 (6) Deposit guaranty bonds underwritten and guaranteed by an insurance company, licensed to do business in this state, listed as an approved surety by the United States Department of the Treasury, that provide coverage for deposits of depositing authorities in excess of the amounts insured by the Federal Deposit Insurance Corporation or any other governmental agency insuring bank or other financial institution deposits that is organized under the laws of the United States, and the form and content of which are approved in advance by the state treasurer.
Furthermore, Louisiana Revised Statute 39:1222, provides that "[w]here any fiscal authority elects to deposit as security any bonds, certificates of indebtedness, paving certificates, promissory notes, evidence of participation in promissory notes or other interest-bearing securities or obligations, thesesecurities shall be approved by the depositing authority as beingeligible as security under the terms of this Part and as beingsufficient for the indemnity contemplated by this Part".
(Emphasis Added).
After review of the materials provided with your request, it is the opinion of this office that the proposed Public Funds Depositor Collateral Security Agreement and Third Party Custodian Agreement do not comply with the statutory provisions relative to Local Depositories. The proposed agreements contain provisions which limit the Clerk of Court's ability to approve and select the forms of securities used for funds deposited in the registry of the court. Further, the proposed Third Party Custodian Agreement contains provisions which appear to limit and restrict the Clerk of Court's rights and remedies with respect to any dispute arising out of the proposed Third Party Custodian Agreement.
We trust this adequately responds to your request.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: ______________________________
 MICHAEL J. VALLAN
 Assistant Attorney General